UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI GROSSMAN-LEPP, and
RICK ANSTISS,

        Plaintiffs,                            Case No. 2:25-cv-11504

v.                                              Honorable Susan K. DeClercq
                                                    United States District Judge

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

**ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH CIVIL RULE 3 AND DENYING AS MOOT PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 1) AND APPLICATION TO PROCEED WITHOUT PREPAYING COSTS OR FEES (ECF No. 2)**

On May 21, 2025, *pro se* Plaintiffs Heidi Grossman-Lepp and Rick Anstiss[1] filed an "Emergency Motion for Temporary Restraining Order and Request for Expedited Hearing," opening the above-captioned civil case. ECF No. 1.

Plaintiffs seek a Temporary Restraining Order (TRO) enjoining Defendants[2] from "enacting, enforcing, or facilitating the implementation of" a bill that they

---

[1] Plaintiffs state in their motion that Grossman-Lepp "is a federally protected religious leader, founder of Sugarleaf Church (est. 2014), and spiritual caregiver operating from Mothership Sanctuary," and Anstiss is "a minister of Sugarleaf Church and Vice President of the Michigan Weedsters." ECF No. 1 at PageID.2.

[2] The "Defendants" listed on Plaintiffs' motion are (1) Michigan Governor Gretchen Whitmer; (2) Michigan Attorney General Dana Nessel; (3) Michigan State Representative Karen Whitsett; and (4) "John/Jane Does 1–50," who Plaintiffs assert

purport was recently introduced in the Michigan State House of Representatives: House Bill 4391. ECF No. 1 at PageID.19. Plaintiffs also filed an application to proceed without prepaying fees or costs. ECF No. 2.

However, Plaintiffs have not filed a complaint—as is required to begin a civil action in federal court—so this Court may not consider the merits of Plaintiffs' motion[3] nor their application to proceed without prepaying. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Rankin v. Brian Lavan & Assocs.*, No. 23-CV-10966, 2023 WL 3467734, at *1 (E.D. Mich. May 15, 2023) ("In other words, Plaintiff cannot open a new civil case by filing a motion."); *Cassaday v. Dow Chem. Co.*, No. 1:25-MC-50020, 2025 WL 242477, at *1–2 (E.D. Mich. Jan. 17, 2025) (dismissing case because plaintiff filed only motions and not a complaint).

---

are "unknown legislators, law enforcement officials, agency directors, consultants, and policy drafters who aided, abetted, or directed the creation, passage, implementation of HB 4391 or companion legislation that discriminates against spiritual and medical Cannabis users." ECF No. 1 at PageID.3–4.

[3] Notably, it appears from Plaintiffs' motion that they are seeking a TRO based upon their allegations of constitutional violations. *See* ECF No. 1 at PageID.19 (citing the First, Fourth, Fifth, and Fourteenth Amendments). And when evaluating the propriety of a TRO in the context of alleged constitutional violations, the moving party's likelihood of success on the merits "is the most important factor" and is "typically determinative." *Breathe v. City of Detroit*, 484 F. Supp. 3d 511, 516 (E.D. Mich. 2020) (citing *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). Yet here, where there is no underlying complaint, it is impossible for this Court to engage in such an evaluation.

Plaintiffs' "motion," therefore, will be denied, their application to proceed without prepaying will be denied as moot, and the above-captioned civil case will be closed.

To the extent Plaintiffs wish to assert civil claims in federal court, they must file a *complaint* in a civil case—not merely an emergency motion seeking a TRO. Plaintiffs must then either pay the civil case filing fee ($405.00) or again apply to proceed without prepaying. Only then may this Court consider the merits of Plaintiffs' claims.

Accordingly, it is **ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Civil Rule 3.

Further, it is **ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Request for Expedited Hearing, ECF No. 1, is **DENIED AS MOOT**.

Further, Plaintiffs' Application to Proceed Without Prepaying Costs or Fees, ECF No. 2, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 30, 2025